UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ROBIN AVIV,

                Plaintiff,                18-cv-5088 (PKC)

   -against-
                                            OPINION AND
                                            <u>ORDER</u>

CHRISTOPHER BRAINARD, et al.,

                Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff has dropped the federal claims that formed the basis for removal from state court but state law claims remain. The question presented is whether, at the time the state court action commenced and at the time of removal, there was subject matter jurisdiction on the basis of diversity of citizenship, even though not pled. The Court concludes that there was not and declines to exercise supplemental jurisdiction over the state law claims that will be remanded to state court. The Court will retain ancillary jurisdiction over certain contempt-related proceedings.

PROCEDURAL HISTORY

        This action was commenced in the Supreme Court of the State of New York, New York County, on or about May 10, 2018 and assigned Index No. 652287/2018. An application for a temporary restraining order was granted by Hon. David B. Cohn, J.S.C. (Doc 9-1.)

Defendants Christopher Brainard, Donald Brainard, Paul Bergman, LMB Holdings LLC, Four Seasons Tower LLC, CJB Capital LLC (Wyoming), CJB Capital LLC (Delaware), and CB Funding LLC removed the action from state court to this Court by Notice of Removal filed June 7, 2018.

The basis for removal was that the action was within the original jurisdiction of this Court because plaintiff asserted claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 et seq. Because a federal question was presented, defendants asserted that there was subject matter jurisdiction "without regard to the citizenship or residence of the parties." (Notice of Removal; Doc 1 at ¶ 2.) They asserted that the state law claims were within the supplemental jurisdiction of the Court. (Id. at ¶ 3.)

During the pendency of the action in this Court, civil contempt proceedings were brought against parties and non-parties. (Docs 59, 73.) These resulted in certain contempt findings. (Doc 87, 125.)

On September 21, 2018, plaintiff amended her complaint dropping all federal claims in the action. Plaintiff does not allege that there is complete diversity between her and all defendants. Following the amendment, this Court Ordered as follows: "Within seven days of this Order, the parties shall show cause in writing why the Court should retain supplemental jurisdiction over the state law claims. In addition, within seven days of this Order, the parties shall show cause in writing why the Court should not retain jurisdiction over the contempt proceedings." (Order of Sept. 27, 2018; Doc 108.)

A. <u>There Is No Subject Matter Jurisdiction on the Basis of Diversity of Citizenship.</u>

Robin Aviv, the alleged holder of a judgment against Christopher Brainard, seeks remand of her state law claims for fraudulent conveyance and civil conspiracy (second and third causes of action) but urges the Court to retain jurisdiction of the contempt proceedings and sever and retain jurisdiction of the alter ego claims (first cause of action). (Doc 121.)

The attorneys for Christopher Brainard, LMB Holdings LLC, Four Seasons Tower LLC, CJB Capital LLC (a Wyoming limited liability company), and CB Funding LLC (the "CB Defendants"), who have moved to withdraw, advised as follows: "Because my firm continues to lack authority to act on behalf of the CB Defendants, we are unable to respond on behalf of our former clients." (Doc 113.)[1] No other response was received from Christopher Brainard.

Donald Brainard, who is separately represented, is the father of Christopher Brainard. Donald has filed a declaration that his son, Christopher, "lived" in New York until August 2014, "lived" at three different "locations" in Florida until late 2017, and since then has "mov[ed]" to England. (Donald Brainard Decl.; Doc 119 at ¶ 6-8.) He does not claim to know his son's present whereabouts but helpfully supplies his "last known address" in England. (<u>Id.</u> at ¶ 8.) Christopher has been adjudicated to be in contempt of this Court and his conduct lies at the heart of the state law claims.

Donald's hearsay declaration concerning his son's residences does not demonstrate the existence of diversity jurisdiction. He places Christopher in New York prior to August 2014 and then has him residing at three locations in Florida. That his present residence is in England compounds the jurisdictional problem. A United States citizen domiciled in a foreign

---

[1] The opposed motion to withdraw remains pending. (Doc 43.)

country is a "stateless" person for the purpose of diversity jurisdiction because he is not a citizen of any state. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Thus, if Christopher Brainard is a United States citizen residing in England with the intention to remain for an indefinite period of time, he would be neither an alien nor a citizen of a state and there would not be complete diversity of citizenship as required by 28 U.S.C. § 1332. Id.

The Court's Order to Show Cause required the parties to demonstrate why the Court ought to retain supplemental jurisdiction over the state law claims. In response, Donald Brainard has chosen to argue that the Court has original jurisdiction over the state law claims. The proponent of subject matter jurisdiction has the burden of proving the facts supporting a claim of complete diversity of citizenship by a preponderance of the competent evidence. Raymond Loubier Irrevocable Tr. v. Loubier, 858 F.3d 719, 725 (2d Cir. 2017). The proponent must demonstrate that there was jurisdiction on the basis of diversity of citizenship both at the time of commencement of the state court action and also at the time of removal. Chapman v. Crane Co., 694 F. App'x 825, 828 (2d Cir. 2017) (summary order) (citing 14B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3723 (4th ed. 2013) and United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994)).

The failure to demonstrate that Christopher's citizenship is diverse also calls into doubt the citizenship of the defendant limited liability companies of which he is alleged to be a member. See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) (citing Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)); Strother v. Harte, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members."). Defendant LMB Holdings LLC is

alleged to be 100% owned by Christopher; defendant CJB Capital LLC (Wyoming) is also alleged to have ownership that may include Christopher and others. (Doc 105 at ¶ 58-59, 62.)

There is no dispute that the jurisdictional monetary threshold is exceeded, but no party has shown by a preponderance of the evidence that there was complete diversity of citizenship at the time of commencement of the action and at the time of removal to this Court. The Court concludes that it does not have an independent basis for subject matter jurisdiction over the remaining state claims based upon diversity of citizenship.

B. The Court Declines to Exercise Supplemental Jurisdiction over the State Law Claims.

The Court, however, may exercise supplemental jurisdiction over the state claims because, at the time of removal, it had subject matter jurisdiction over the action by reason of the now abandoned federal question. 28 U.S.C. § 1367(a); see Parker v. Della Rocco, 252 F.3d 663, 666 (2d Cir. 2001). Section 1367(c)(3) provides that the district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."

Section 1367(c)(3) is couched in permissive terms, but the Second Circuit has made clear that the Court's discretion "is not boundless." Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003). "In deciding whether to exercise jurisdiction over supplemental state-law claims, district courts should balance the values of judicial economy, convenience, fairness, and comity—the 'Cohill factors.'" Klein & Co. Futures v. Bd. of Trade of City of New York, 464 F.3d 255, 262 (2d Cir. 2006) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the

remaining state-law claims." Cohill, 484 U.S. at 350 n. 7; see Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 83 (2d Cir. 2018).

Here, the case is in its early stages and little has transpired on the merits beyond the temporary restraining order in state court and the preliminary injunction and contempt proceedings in this Court. Thus, this Court will achieve no judicial economy by retaining the claims. The claims are common law state claims in which there is little federal interest. In terms of convenience and fairness, this Court and Supreme Court, New York County are equally convenient to the parties and both capable of fairly adjudicating the claims.

The Court declines to exercise supplemental jurisdiction over the state law claims. The action will be remanded to state court.

C. The Court Will Retain Jurisdiction over the Existing Contempt-Related Proceedings.

There remains the matter of the civil contempt proceedings, which were brought before this Court. Under the doctrine of ancillary jurisdiction, a federal court may maintain jurisdiction over a matter that has otherwise ceased to be within its jurisdiction. Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375, 379-80 (1994), concludes that the court may exercise ancillary jurisdiction "to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees . . . ." Cf. Covanta Onondaga Ltd. v. Onondaga Cty. Res. Recovery Agency, 318 F.3d 392, 396 (2d Cir. 2003) ("[A] court that has concluded its adjudication of the merits of a case within its jurisdiction by entering a final judgment retains authority to take action with respect to some collateral matters related to the case, such as attorney's fees and costs, . . . and sanctions, . . . In addition, a court that enters a judgment with continuing effect retains some authority to enforce its judgment . . . .").

Accordingly, the Court will exercise ancillary jurisdiction over the contempt-related matters enumerated in the concluding paragraph.

CONCLUSION

The Clerk is directed to remand this action to the Supreme Court of the State of New York, New York County, from which it was removed. The Court will retain jurisdiction only over the following: proceedings related to the Court's Orders to Show Cause entered July 31, 2018 (Doc 59) and August 22, 2018 (Doc 73), and the Orders of Civil Contempt entered August 30, 2018 (Doc 87) and October 11, 2018 (Doc 125).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
November 1, 2018