UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ROBIN AVIV,

                          Plaintiff,                                       18-cv-5088 (PKC)

        -against-

                                                                 ORDER

CHRISTOPHER BRAINARD, et al.,

                         Defendants.
-----------------------------------------------------------------x

CASTEL, U.S.D.J.


        In an Opinion and Order filed on October 11, 2018 (Doc 125), this Court found

non-party Searcy Denney Scarola Barnhart & Shipley, P.A. to be in civil contempt. The Court

Ordered that "Within seven days of this Opinion and Order, Searcy Denney shall deposit into the

Registry of this Court $90,238.50, the amount transferred in violation of the TRO." (Doc 125 at

¶17.) On October 22, 2018 Searcy Denney Scarola Barnhart & Shipley, P.A deposited the sum

of $90,238.50 into the Court's Registry.  Robin Aviv, the plaintiff in this action, has moved to

have the funds paid over to her.

        The sum deposited in the Registry traces its origins to money paid Searcy Denney

Scarola Barnhart & Shipley, P.A. on behalf of judgment debtor Christopher Brainard that was to

be applied towards the partial satisfaction of a 2013 judgment against Christopher Brainard.

Searcy Denney Scarola Barnhart & Shipley, P.A. wrongfully and in violation of a Court order

paid the money over to Christopher Brainard.  Brainard was ordered to pay the money into the

Court's Registry but failed to do so and has been found to be in contempt.

No judgment has been entered against Christopher Brainard in the 2018 action commenced by Ms. Aviv. The proceedings begun in state court, removed to this Court and remanded to the state court (except those ancillary to the contempt motion) resulted in a temporary restraining order and later a preliminary injunction. This is relief *pendente lite*. Ms. Aviv's solution that the money now be paid from the Registry to her misses a step. As this Court has noted time and time again, the 2018 action is not an action to enforce the 2013 judgment. It is a fraudulent conveyance action that once also contained RICO claims under the Racketeer Influenced and Corrupt Organizations Act. Implicit in the grant of a preliminary injunction is that Ms. Aviv is likely to prevail on one of her claims, specifically the fraudulent conveyance claim, but that is not the same as a finding that she has prevailed. A finding of contempt against Christopher Brainard is not the equivalent of a final judgment on the merits. Upon obtaining a final judgment against Christopher Brainard in the 2018 action that was removed from state court and has since been remanded, the Court will direct that the funds be paid over to Ms. Aviv.

Motions Doc 140, 141 and 143 are DENIED without prejudice to renewal once a judgment is entered against Christopher Brainard in the action originally commenced in Supreme Court, New York County and assigned Index No. 652287/2018. All other relief is DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
November 19, 2018